# McKool Smith

Natasha Romagnoli
Direct Dial: (212) 402-9806
nromagnoli@McKoolSmith.com

One Bryant Park
47th Floor
New York, NY 10036

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

January 22, 2018

**VIA ECF AND HAND DELIVERY**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
New York, NY 10007-1312

> RE: *VEREIT, Inc. v. Nicholas S. Schorsch, et al.*, Civil Action No. 17-cv-06546

Dear Judge Hellerstein:

    I write on behalf of Defendants Nicholas S. Schorsch, Michael Weil, William Kahane and Peter Budko (the "Individuals") in response to the letter filed earlier today by plaintiff VEREIT, Inc.'s counsel, Alan Stone of Milbank, Tweed, Hadley & McCloy LLP. Mr. Stone claims that the Delaware Chancery Court's dismissal of VEREIT as a defendant in the Individuals' still-pending advancement action has "mooted" the need to apply the *Brillhart-Wilson* abstention doctrine since "only this Court can [now] resolve the dispute concerning VEREIT's advancement obligations under the Indemnification Agreements." (Mr. Stone's Letter, at p. 2.)

    As an initial matter, Mr. Stone's basic premise that this Court can resolve the advancement dispute is mistaken. In fact, as set forth in the Individuals' motion to dismiss, this Court lacks subject matter jurisdiction over that dispute, because there is no diversity of citizenship between the parties. The Delaware court's conclusion that it lacked personal jurisdiction over VEREIT does not alter the fact that the nerve center for VEREIT's business, and thus its principal place of business, is New York, the same state of which defendant Edward Weil is also a citizen.

    Moreover, Mr. Stone is incorrect that the action pending before Your Honor is the only one pending that addresses the Individuals' and VEREIT, Inc.'s rights and obligations under the Indemnification Agreements. Mr. Stone was not aware at the time he sent his letter but earlier this morning, the Individuals commenced an action in Maryland state court against VEREIT seeking a declaratory judgment, and alleging breach of contract and violation of the Maryland statute concerning advancement of defense costs. This is the same exact relief (with the exception of the Maryland statutory claim) that the Individuals sought in Chancery Court against VEREIT, Inc. As Your Honor may recall from the briefing on the pending motion, VEREIT is incorporated in Maryland, and the Indemnification Agreements at issue expressly provide that

January 22, 2018
Page 2

they are governed by Maryland law.  Therefore, while the court in which the Individuals' matter is pending has changed, the existence of a "concurrent" and "parallel" case better suited to grant full relief on those claims has not changed.  Accordingly, the standards of the *Brillhart-Wilson* abstention doctrine still warrant dismissal even if the Court were to determine that it could hear VEREIT's claim for declaratory judgment.

      We appreciate the Court's attention to this matter, and look forward to discussing this matter further with Your Honor at oral argument on Wednesday.

Very truly yours,

Natasha Romagnoli