UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VEREIT, Inc., <br><br>              Plaintiff, <br>     v. <br><br> Nicholas S. Schorsch, Peter M. Budko, <br> William M. Kahane, and Edward M. Weil, <br><br>              Defendants. | Civil Action No.: 1:17-cv-06546-AKH |

**PLAINTIFF VEREIT, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION FOR RECONSIDERATION</u>**

Plaintiff VEREIT, Inc., formerly known as American Realty Capital Properties, Inc. ("VEREIT" or the "Company"), by and through its undersigned counsel, hereby submits this memorandum of law in support of its motion for reconsideration of the Court's May 11, 2018 order (Dkt. No. 40) (the "Written Order") granting Defendants permission to conduct two depositions of VEREIT representatives in connection with jurisdictional discovery, in addition to serving interrogatories. The Written Order altered an oral ruling issued earlier the same day denying Defendants' request to conduct depositions, without VEREIT's counsel even having had the opportunity to be heard on Defendants' request. Reconsideration is therefore warranted to provide VEREIT with an opportunity to express its position on Defendants' request. Further, as discussed herein, modification of the Court's Written Order is warranted because Defendants have not offered any justification for why they need to conduct costly depositions when they can obtain all the information they seek through written interrogatories. Although VEREIT maintains that no depositions are warranted for the reasons discussed herein, VEREIT is amenable to presenting VEREIT's general counsel, Lauren Goldberg, for one short deposition to question her about the interrogatory responses. Therefore, VEREIT requests that the Court modify the Written Order to limit discovery to interrogatories and *one* three-hour deposition of Ms. Goldberg.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

VEREIT, a Maryland corporation which has had its principal place of business in Arizona since January 2015, brought this action on August 28, 2017, asserting subject matter jurisdiction under 28 U.S.C. § 1332 based upon complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. (Complaint (Dkt. No. 5), ¶ 2.) On October 24, 2017, Defendants filed a motion to dismiss for purported lack of subject matter

1

jurisdiction.[1]  (Mot. to Dismiss at 5-9.)  Defendants argued that VEREIT has its principal place of business in New York, which, if true, would defeat complete diversity because Defendant Edward M. Weil is purportedly also a citizen of New York.  (*Id.*)  In VEREIT's Opposition to Defendants' Motion to Dismiss, VEREIT maintained that the Company's principal place of business has been located in Phoenix, Arizona since VEREIT moved its headquarters and principal executive offices there in January 2015.  (Dkt. No. 22 at 10-15.)  In support of its Opposition to Defendants' Motion to Dismiss, VEREIT submitted the declaration of Lauren Goldberg, Executive Vice President, General Counsel, and Secretary of VEREIT, providing extensive factual information relevant to the location of VEREIT's principal place of business, including that (i) approximately 90% of VEREIT's full time employees are located in the Phoenix headquarters, (ii) two of VEREIT's six executive officers reside in Arizona and work primarily in VEREIT's Phoenix headquarters, and the remaining executive officers spend a substantial portion of their time working in Phoenix, (iii) all of VEREIT's quarterly and annual financial statements are prepared, reviewed and finalized out of the Phoenix headquarters, and the Company's executive officers, who play a significant role in preparing and reviewing these filings, spend substantial time in Phoenix prior to the filings' completion, and (iv) VEREIT has held its annual shareholder meetings in the Phoenix headquarters for the past two years.  (Dkt. No. 23 ¶¶ 11.)  On January 22, 2018, the Court entered an order deferring decision on the

---

[1] Defendants argued in the alternative that the action should be stayed pursuant to the *Wilton-Brillhart* abstention doctrine in favor of a then-pending action in the Delaware Court of Chancery (the "Delaware Action").  (Dkt. No. 17 ("Mot. to Dismiss") at 9-16.)  As this Court agreed, Defendants' alternative argument was mooted when the Delaware Court of Chancery granted VEREIT's motion to dismiss for lack of personal jurisdiction in the Delaware Action. (Dkt Nos. 30, 31.)

2

jurisdictional issue until the parties completed "such discovery as each side reasonably requires." (Dkt. No. 31.)

At a status conference on May 11, 2018, Defendants' counsel stated that Defendants aim to use discovery "to confirm what [they] believe [they] already know to be true, which is that the majority of [VEREIT's] directors and officers live in New York, that [VEREIT's] principal place of business where [VEREIT] conduct[s] the majority of their business throughout the year is at Park Avenue . . . ."  (Ex. A at 10.)  When Defendants' counsel requested discovery in the form of depositions, the Court immediately rejected Defendants' request before VEREIT's counsel even had the opportunity to express VEREIT's objection to any such discovery, and instead granted Defendants permission to serve written interrogatories:

> THE COURT: If I let you go into discovery, it's going to take forever.
>
> MS. ROMAGNOLI: Your Honor, I think we can do it very quickly. We have targeted discovery already drafted that we can serve by the end of next week.
>
> THE COURT: If you can do it by interrogatory questions and accept the answers as responsive and make a motion on the basis of that, I'll let you have discovery; but if it means depositions I'm not going to let you have discovery.
>
> MS. ROMAGNOLI: *May we have one 30(b)(6) deposition?*
>
> THE COURT: *No.*
>
> MS. ROMAGNOLI: *OK, your Honor.*
>
> THE COURT: Do you want that, written questions?
>
> MS. ROMAGNOLI: We believe there has to be some discovery.
>
> THE COURT: Sorry?
>
> MS. ROMAGNOLI: Yes. There has to be some discovery.
>
> THE COURT: Written questions?
>
> MS. ROMAGNOLI: Thank you, your Honor.

3

>THE COURT: Accept that?
>
>MS. ROMAGNOLI: Yes.

(Ex. A at 11 (emphasis added).) The Court also denied Defendants' request to serve document requests. (Ex. A at 12.) When informed that VEREIT's general counsel, Ms. Goldberg, would be signing VEREIT's responses to Plaintiffs' interrogatories, the Court directed Ms. Goldberg (who attended the status conference) "not to just give me perfunctory answers. I want you to look into it and make sure that you stand behind all of the assertions." (*Id.*) Ms. Goldberg acknowledged that she would do so. (*Id.*)

Later that day, the Court issued the Written Order, which "modif[ied] the order given orally in Court" prohibiting Defendants from conducting depositions, and granted Defendants permission to "conduct two depositions of persons who know all the affairs of the company and manage all respects of those affairs," in addition to interrogatories. (Dkt No. 40.) Later that day, Defendants served Ms. Goldberg with a notice of deposition, with a proposed deposition date of June 11, 2018. (Ex. B.)

## ARGUMENT

**I.  THE COURT SHOULD PROVIDE DEFENDANTS THE OPPORTUNITY TO TAKE DEPOSITIONS ONLY IF THE COURT DEEMS THEM NECESSARY AFTER INTERROGATORIES ARE COMPLETED.**

Motions for reconsideration under Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). A party may not advance "facts, issues or arguments that were previously available but not presented to the court." *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014).

4

VEREIT respectfully asks the Court to reconsider its Written Order, in which the Court ordered interrogatories *and* two depositions.  VEREIT proposes that discovery proceed initially with interrogatories (as the Court orally ordered at the May 11, 2018 status conference), and a single deposition of Ms. Goldberg, who will be verifying the interrogatory responses.

Reconsideration is warranted here because VEREIT has not had the opportunity to be heard on Defendants' request to take depositions.  The Court denied Defendants' request for depositions immediately upon Defendants' request for them, rendering any further comment or argument by VEREIT's counsel unnecessary.  Had there been a need for VEREIT's counsel to respond to Defendants' request, VEREIT's counsel was prepared to argue at the status conference that depositions concerning the location of VEREIT's principal place of business would be inefficient and wasteful—exactly the result the Supreme Court sought to avoid in *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), when it held that a corporation's principal place of business is its "nerve center," *i.e.*, "where a corporation's officers direct, control, and coordinate the corporation's activities," and that place "should normally be the place where the corporation maintains its headquarters." *Hertz*, 559 U.S. at 92-93.  In adopting the "nerve center" test, the Court noted its express goal of avoiding "complex jurisdictional tests" that "eat up time and money as the parties, litigate, not the merits of their claims, but which court is the right court to decide those claims." *Id*. at 94.

Here, Defendants have not, and cannot, point to any relevant information that they could elicit through depositions that they either do not already know or could not obtain through interrogatories.  Counsel for Defendants stated at the status conference that discovery would help to confirm where VEREIT's officers and directors reside and where VEREIT conducts the majority of its business.  (Ex. A at 10.)  This information may be readily provided via written

5

statements.  In fact, "courts in the Second Circuit regularly find a corporate officer's sworn statement to be sufficient proof of a corporation's principal place of business." *Kanowitz v. Broadridge Fin. Sols., Inc.*, 2014 WL 1338370, at *10 (E.D.N.Y. Mar. 31, 2014).  Indeed, Ms. Goldberg has already provided a declaration in support of VEREIT's Opposition to Defendants' Motion to Dismiss containing much of this information.  Defendants have provided no explanation for why the sworn facts in Ms. Goldberg's declaration are insufficient to determine VEREIT's principal place of business, let alone why additional responses to interrogatories would be insufficient.  Indeed, at the status conference, Ms. Goldberg personally affirmed that she would ensure meaningful responses to any interrogatories served by Defendants.  (Ex. A at 12.)

A deposition of Ms. Goldberg—or of any other VEREIT representative—would simply duplicate information that can be obtained through interrogatories, while resulting in a significant increase in costs.  Preparing any witness for a deposition requires a significant expenditure of the witness's and counsel's time, to say nothing of the actual deposition, which can consume up to seven hours.  Granting Defendants two depositions would only double these costs.  Moreover, these concerns are particularly acute in light of Ms. Goldberg's position as Executive Vice President, General Counsel, and Secretary of VEREIT, and the fact that, given VEREIT's status as a publicly-traded company, the costs would ultimately be borne by VEREIT's shareholders.  Finally, granting Defendants the opportunity to conduct depositions would only delay resolution of the threshold jurisdictional issue, which would otherwise be ripe for resolution following VEREIT's responses to Defendants' interrogatories.  Although no depositions are warranted for the reasons outlined above, VEREIT is amenable to presenting Ms.

6

Goldberg for a short deposition to allow Defendants to question her about the interrogatory responses.

## CONCLUSION

For the foregoing reasons, VEREIT respectfully requests that the Court amend the Written Order to limit jurisdictional discovery to the service of interrogatories and a single deposition of Ms. Goldberg for no more than three hours.

Dated: May 15, 2018
      New York, New York

                    MILBANK, TWEED, HADLEY
                    & McCLOY LLP

                    By: /s/ Alan J. Stone
                    Scott A. Edelman
                    Alan J. Stone
                    Jonathan Ohring
                    28 Liberty Street
                    New York, New York 10005
                    Telephone: (212) 530-5000
                    Facsimile: (212) 506-5219

                    *Attorneys for Plaintiff VEREIT, Inc.*