USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/12/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

VEREIT, Inc.,

                          Plaintiff,

    -against-

NICHOLAS S. SCHORSCH, PETER M. BUDKO,
WILLIAM M. KAHANE, AND EDWARD M.
WEIL,

                       Defendants.

-------------------------------------------------------------- X

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL**

17 Civ. 6546 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.

    This case is set against the backdrop of the larger American Realty Capital Properties class action, captioned as *In re American Realty Capital Properties, Inc. Litigation*, 15-mc-40 (Aug. 31, 2018). Broadly stated, this case concerns the advancement of attorneys' fees to former officers and directors of ARCP, which has since changed its name to VEREIT.

    The case is currently in jurisdictional discovery to determine VEREIT's principal place of business for the purpose of diversity jurisdiction. As the Supreme Court has explained, the term "principal place of business" in 28 U.S.C. § 1332(c)(1) "refer[s] to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). In other words, a corporation's principal place of business is located at its "'nerve center,' . . . not simply an office where the corporation holds its board meetings." *Id.* at 93. VEREIT claims that its principal place of business is in Arizona, where the majority of its employees work. Defendants argue that VEREIT is actually run out of New York, where defendants allege most of the company's officers (including the CEO) spend a

majority of their time. On May 11, 2018, the Court issued an Order limiting the parties to interrogatories and two depositions and instructing that jurisdictional discovery would close on July 13, 2018.

Now before the Court is defendants' motion to compel responses to interrogatories. Rule 26 teaches that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Edmondson v. RCI Hosp. Holdings, Inc.*, No. 16-CV-2242 (VEC), 2018 WL 2768643, at *1 (S.D.N.Y. June 8, 2018) (internal quotation marks omitted). Information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Specifically, defendants seek information on the company's operations from January 2014 to August 29, 2017, the date this action was filed. Plaintiff objects, arguing that anything that occurred before January 2017 is irrelevant because subject matter jurisdiction is determined as of the date a case is filed. *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) ("Diversity is measured as of the time the action is brought . . . ."). While plaintiff is correct on the law, the context of this case makes information dating back to 2014 particularly relevant. VEREIT, formerly known as ARCP, claims that it moved its headquarters and principal place of business from New York to Arizona in 2015, when it reorganized the company and acquired Phoenix-based Cole Real Estate Investments. The information sought by defendants goes to the validity of this transition—namely, whether the operational nerve center truly changed when VEREIT claims it did.

Consistent with this understanding, my specific rulings follow.

1. The motion is granted in full as to Interrogatory Nos. 4 and 6.
2. The motion is granted in part as to Interrogatory Nos. 9, 14, and 16.
   a. As to Interrogatory No. 9, plaintiff shall provide a narrative description rather than a diagram.
   b. As to Interrogatory No. 14, plaintiff shall produce responsive information, including a general description of the purpose of a given trip, for the period stated in the request. Plaintiff need not provide information concerning where the executives stayed during a given and whether they filed an expense report. Such information is not relevant to the central jurisdictional question at issue.
   c. As to Interrogatory No. 16, plaintiff shall identify all contracts made, by identification number, in the period requested. Defendants will then chose a sample of 15% of those contracts, which defendants may inspect, provided that the parties agree that the sample is representative of the whole.
3. The motion is denied as to Interrogatory Nos. 11, 18, and 19. The information sought is not sufficient relevant to justify the burden of production. *See* Fed. R. Civ. P. 26(b)(1).

In light of this Order, interrogatory responses are due July 25, 2018. All jurisdictional discovery, including depositions, shall be complete by August 3, 2018. The status conference, currently scheduled for August 10, 2018, shall proceed as scheduled.

SO ORDERED.

Dated: July 12, 2018
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3