UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VEREIT, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Nicholas S. Schorsch, Peter M. Budko, William M. Kahane, and Edward M. Weil, <br><br> Defendants. | Civil Action No.: 1:17-cv-06546-AKH |

**PLAINTIFF VEREIT, INC.'S NOTICE OF MOTION FOR CLARIFICATION OF THE COURT'S JULY 12, 2018 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL AND SUPPORTING MEMORANDUM**

PLEASE TAKE NOTICE that upon the below memorandum of law and the Declaration of Lauren Goldberg dated July 17, 2018, and upon all pleadings and papers previously filed in the above-captioned action, Plaintiff VEREIT, Inc., formerly known as American Realty Capital Properties, Inc. ("VEREIT" or the "Company"), by and through its undersigned counsel, hereby moves this Court, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, for clarification of the Court's July 12, 2018 order pertaining to Interrogatory No. 16, which requires VEREIT to "identify all contracts made" between January 1, 2014 and August 28, 2017.  (Order Granting in Part and Denying in Part Defs.' Mot. to Compel (the "Order") (Dkt. No. 56) at 3.)

**MEMORANDUM IN SUPPORT**

Pursuant to Rule 60(a),[1] VEREIT respectfully submits this motion seeking clarification of the portion of the Court's Order pertaining to Defendants' Interrogatory No. 16, and, in particular, the requirement that VEREIT "identify *all* contracts made" during the period January 1, 2014 to August 28, 2017.  (Order at 3 (emphasis added).)

In their Interrogatories, served on VEREIT on May 25, 2018, Defendants requested in Interrogatory No. 16 that VEREIT "[i]dentify any contracts that VEREIT entered into between January 2014 and August 29, 2017, that were negotiated in New York, executed in New York, contained a New York choice of law and/or New York forum provision, and/or required notice under the contract to be sent to VEREIT's New York office."  (Defs.' Interrogatories to Pl. (Dkt No. 50-1) at 8.)  VEREIT objected to Interrogatory No. 16 in its entirety on the grounds that it sought "information that is irrelevant to a determination of VEREIT's principal place of business, is unduly burdensome to obtain, and is not proportional to the needs of the case."  (VEREIT's Responses and Objections to Defs.' Interrogatories to Pl. (Dkt No. 50-2) at 13.)  After Defendants filed a motion to compel responses to certain Interrogatories, including Interrogatory No. 16, VEREIT noted in its opposition brief that "[a]s a publicly-traded real estate investment trust engaged in the business of acquiring and managing billions of dollars worth of commercial properties, VEREIT regularly enters into a multitude of contracts as part of its regular, day-to-day business[,]" and that, accordingly, "responding fully to the Interrogatory would impose a

---

[1] On a motion for clarification under Rule 60(a), clarification of a prior order is within the "sound discretion" of the Court.  *Royal Sun Allliance Ins., PLC v. TA Operating LLC*, 2011 WL 2416886, at *2 (S.D.N.Y. June 15, 2011) (internal quotation marks omitted).  Rule 60(a) allows a court to "clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement."  *Wallace v. Grp. Long Term Disability Plan for Emps. of TDAmertrade Holding Corp.*, 2015 WL 4750763, at *1 (S.D.N.Y. Aug. 11, 2015) (internal quotation marks omitted).

1

tremendous burden on VEREIT, requiring it to identify every contract that it has signed . . . , analyze the contract, and investigate background information about how the contract was negotiated, to the extent such information can even be uncovered." (Dkt. No. 53 at 17.) The Court thereafter entered its Order, which provides in relevant part that, with respect to Interrogatory No. 16, VEREIT "shall identify all contracts made, by identification number, in the period requested" and that "Defendants will then chose a sample of 15% of those contracts, which defendants may inspect, provided that the parties agree that the sample is representative of the whole." (Order at 3.) The Court directed VEREIT to supplement its interrogatory responses by July 25, 2018. (*Id.*)

VEREIT respectfully requests that the Court clarify the scope of its ruling with respect to Interrogatory No. 16 in light of the fact that, if the ruling is given its broadest possible interpretation, compliance with the ruling—even with the dedication of substantial efforts and resources—would be virtually impossible by any date, let alone by July 25, 2018. VEREIT owned approximately $20 billion of assets comprising 4,648 properties at the end of 2014, and $15 billion of assets comprising approximately 4,100 properties at the end of 2017, and its primary business of buying, selling, and leasing commercial real estate alone requires VEREIT to enter thousands of contracts each year. (Goldberg Decl. ¶ 3.)[2] Examples of the types of real estate-related contracts VEREIT executes in the ordinary course include, but are not limited to: leases, purchase agreements, disposition contracts, property management contracts, related non-disclosure agreements ("NDAs"), appraisal contracts, property mortgages, lease assignments, sublease agreements, cable license agreements, easement access agreements, and contracts related to condemnation matters. (*Id.*) VEREIT also enters into countless non-real estate related contracts,

---

[2] "Goldberg Decl." refers to the Declaration of Lauren Goldberg, submitted contemporaneously herewith.

including Information Technology contracts, employment agreements, contracts related to employee benefits, confidentiality agreements signed by virtually all of its hundreds of employees, marketing contracts, payroll service agreements, and insurance policies, as well as miscellaneous contracts for sponsoring events, subscription services, securing a food vendor for the Company's cafeteria in Phoenix, and cleaning services, among many other categories.  (*Id*. ¶ 4.)  Indeed, VEREIT estimates that, over the course of the period from January 1, 2014 through August 28, 2017, it may have executed **tens of thousands** of contracts.  (*Id*. ¶ 5.)[3]  However, it is not practically possible to determine the exact number or identity of all of VEREIT's contracts because they are not stored in a central company repository.  (*Id*.)  Indeed, even a good faith effort to identify all of VEREIT's contracts would likely take months, would likely fail to identify many contracts, and would consume hundreds, if not thousands, of employee hours and substantial company resources for this publicly-traded company in an effort to resolve this jurisdictional dispute.  (*Id*.)[4]  Such a waste of resources would be precisely what the Supreme Court sought to avoid in adopting its "straightforward" nerve center test.  *Hertz Corp. v. Friend*, 599 U.S. 77, 80, 94 (2010) ("[c]omplex jurisdictional tests complicate a case, eating up time and money as the parties litigate, not the merits of their claims, but which court is the right court to decide those claims").

VEREIT further submits that such a broad interpretation of the Court's order cannot be correct because it would require VEREIT to identify countless contracts that have no bearing on a determination of VEREIT's principal place of business.  As discussed above, VEREIT has entered

---

[3] As just one example, the number of VEREIT's purchase and sale contracts alone would be significant, considering that in 2014, VEREIT acquired 1,210 properties (excluding VEREIT's acquisition of Cole Real Estate Investments, Inc.) and sold 89 properties, and, in the period from January 1, 2015 to September 30, 2017, VEREIT acquired 152 properties and sold 778 properties.  (Goldberg Decl. ¶ 5.)

[4] This task would be further complicated by the fact that many, possibly most, of the Company's contracts contain confidentiality provisions requiring notice to the other party and providing the other party with the opportunity to seek to limit disclosure of confidential information, a process which, if taken across thousands of contracts, could easily take several months.  (Goldberg Decl. ¶ 6.)

into many contracts on purely ancillary matters such as Information Technology contracts, employment agreements, confidentiality agreements, marketing contracts, subscription services, food services contracts, and cleaning services.  These contracts plainly would be irrelevant to a determination of VEREIT's principal place of business, which focuses solely on where a corporation's "***officers*** direct, control, and coordinate" its activities.  *Hertz*, 559 U.S. at 92-93 (emphasis added); *see also CBRE Inc. v. Pace Gallery LLC*, 2018 WL 740994, at *2 (S.D.N.Y. Feb. 6, 2018) (stating that the *Hertz* "nerve center" test "focuses on where a corporation's ***high level decisions*** are made, not where day-to-day activities are managed." (citation and internal quotation marks omitted) (emphasis added)).[5]

For these reasons, VEREIT respectfully requests that the Court clarify that its Order requires VEREIT to identify contracts that VEREIT disclosed in its public filings during the relevant time period.  VEREIT submits that such a clarification would ensure that compliance with the ruling would be practically achievable.  Notably, VEREIT publicly discloses in accordance with SEC rules any contracts material to its business not made in the ordinary course of its business, contracts relating to the acquisition or disposition of a significant amount of assets, and agreements with executive officers.  (Goldberg Decl. ¶ 7; *see also* Items 1.01, 2.01, and 5.02, General Instructions, Securities and Exchange Commission Form 8-K.)

---

[5] Moreover, by identifying and providing Defendants with all of its contracts, VEREIT would essentially be providing confidential business information to a competitor.  Defendants are principals of AR Global, a real estate investment company that, like VEREIT, owns and manages commercial real estate and/or externally manages other REITs.

Dated: July 18, 2018
      New York, New York

                    MILBANK, TWEED, HADLEY
                         & McCLOY LLP

                    By: /s/ Alan J. Stone
                    Scott A. Edelman
                    Alan J. Stone
                    Jonathan Ohring
                    28 Liberty Street
                    New York, New York 10005
                    Telephone:  (212) 530-5000
                    Facsimile:  (212) 506-5219

                    *Attorneys for Plaintiff VEREIT, Inc.*