## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

VEREIT, Inc.,

                         Plaintiff,

       v.

Nicholas S. Schorsch, Peter M. Budko,
William M. Kahane, and Edward M. Weil,

                       Defendants.

Civil Action No.: 1:17-cv-06546-AKH

## PLAINTIFF VEREIT, INC.'S REPLY MEMORANDUM
## IN FURTHER SUPPORT OF ITS MOTION FOR CLARIFICATION
## OF THE COURT'S JULY 12, 2018 ORDER GRANTING IN PART
## AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL

Plaintiff VEREIT, Inc., formerly known as American Realty Capital Properties, Inc. ("VEREIT" or the "Company"), by and through its undersigned counsel, respectfully submits this reply brief in further support of its motion for clarification filed on July 18, 2018 ("Motion for Clarification") (Dkt. No 57).[1]  The Motion for Clarification sought clarification of the Court's July 12, 2018 order pertaining to Defendants' Interrogatory No. 16, to the extent the order required VEREIT to "identify all contracts made" between January 1, 2014 and August 28, 2017 ("Order") (Dkt. No. 56 at 3).  VEREIT sought clarification that the Order required VEREIT to identify contracts disclosed in its public filings during that time period.  (Mot. for Clarification at 4.)

On July 19, 2018, in response to VEREIT's Motion for Clarification, the Court issued an order scheduling a status conference for July 23 (later rescheduled for July 24 at the request of the parties) "to resolve the issue."  (Dkt. No. 59.)  Later that day, Defendants filed a "Response" to VEREIT's Motion for Clarification, proposing a "compromise whereby VEREIT would list all contracts (without being required to produce the actual contracts) entered into between January 1, 2017 and September 15, 2017, that were negotiated in New York, executed in New York, contained a New York choice of law and/or New York forum provision, and/or required notice under the contract to be sent to VEREIT's New York office, other than VEREIT's individual property-related real estate contracts."  ("Defs.' Response" (Dkt. No. 60) at 2).)  VEREIT appreciates Defendants' effort to compromise, but as a practical matter, their proposal would still

---

[1] VEREIT submits this reply brief to aid in the discussion at the upcoming July 24, 2018 status conference regarding the Motion for Clarification.  On July 20, 2018, the Court entered on the docket a copy of Defendants' response to the Motion for Clarification signed and dated by the Court ("Memo. Endorsement") (Dkt. No. 62), which was docketed on ECF as a memo endorsement stating "So ordered." VEREIT respectfully submits that it did not interpret the Memo. Endorsement as deciding the Motion for Clarification because Defendants' response to the Motion for Clarification was submitted to "aid the discussion" at the upcoming status conference (Dkt. No. 60) and because the Court did not cancel the upcoming status conference that the Court had previously scheduled expressly to resolve the Motion for Clarification (Dkt. Nos. 59, 63).

require VEREIT to expend a tremendous amount of resources to produce information that is marginally relevant at best.

In order to identify contracts that meet the terms requested by Defendants, VEREIT would first have to engage in the significant undertaking of identifying all of the possibly hundreds of contracts, other than "individual property-related real estate" contracts, that it entered into during the relevant time period[2]—which, again, are not stored in a central repository (Mot. for Clarification at 3).  This process would require VEREIT to gather contracts executed as much as a year and a half ago throughout the Company including, but not limited to, contracts related to human resources, information technology, marketing, accounting, treasury, risk management, legal, investor relations, facilities and other general matters.  Once the task of identifying the contracts is completed, only then would VEREIT be able to begin the additionally burdensome process of determining where *each* of those contracts was ***negotiated and executed***—which would require extensive investigation into many months of company operations, would require interviews of dozens of employees and searches of thousands of company files, and would likely be difficult to determine for a large number of contracts—in addition to reviewing each contract to identify which contain the targeted provisions containing a New York choice of law, forum selection, or notice provision.  This process would cumulatively likely take weeks (if not longer) and would likely fail to identify all contracts targeted by Defendants while consuming potentially hundreds

---

[2] Defendants' proposed end date for the relevant period of September 15, 2017 cannot be correct.  The end date must be the date on which the action was commenced (August 28, 2017), which was the end date Defendants proposed in their interrogatories originally (although in their interrogatories, Defendants incorrectly stated that the action was commenced on August 29, 2017) (Dkt. No. 50-1 at 8), and is consistent with black-letter law, *see Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999) (diversity of citizenship for purposes of subject matter jurisdiction "is determined as of the date that suit is filed").

of employee hours and substantial company resources.  VEREIT respectfully submits that that is not a reasonable compromise.

In addition to the impracticality of Defendants' proposal, their proposal is further deficient in that it continues to seek information that is irrelevant to a determination of VEREIT's principal place of business.  Many of VEREIT's contracts that are not "individual property-related real estate" contracts simply have nothing to do with VEREIT's primary business of buying, selling, and leasing real estate.[3]  Whether these ancillary, non-real estate related contracts were negotiated or executed by a VEREIT agent (who may not even have been an executive officer) in New York, contain a provision selecting New York as the governing law, the forum for litigation under the contract, or the place where notice under the contract is to be sent is entirely irrelevant to a determination of where a corporation's "officers direct, control, and coordinate" its activities. *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010).  Defendants' proposal stands in stark contrast with VEREIT's proposed clarification of the Order, which would reasonably limit the contracts VEREIT identifies to those filed publicly, namely contracts that are material to its business not made in the ordinary course of its business, contracts relating to the acquisition or disposition of a significant amount of assets, and agreements with executive officers.  (*See* Mot. for Clarification at 4.)

---

[3] As explained in the Motion for Clarification, VEREIT's countless non-real estate related contracts include information technology contracts, employment agreements, contracts related to employee benefits, confidentiality agreements signed by virtually all of its hundreds of employees, marketing contracts, payroll service agreements, and insurance policies, as well as miscellaneous contracts for sponsoring events, subscription services, securing a food vendor for the Company's cafeteria in Phoenix, and cleaning services, among many other categories.  (Mot. for Clarification at 2-3.)

Dated: July 23, 2018
      New York, New York

                                        MILBANK, TWEED, HADLEY
                                           & McCLOY LLP

                                        By: /s/ Alan J. Stone
                                        Scott A. Edelman
                                        Alan J. Stone
                                        Jonathan Ohring
                                        28 Liberty Street
                                        New York, New York 10005
                                        Telephone:  (212) 530-5000
                                        Facsimile:  (212) 506-5219

                                        *Attorneys for Plaintiff VEREIT, Inc.*